FILED

# United States District Court

JUN 19 2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

_____MIDDLE_____ DISTRICT OF _____ALABAMA_____

| | |
|---|---|
| In the matter of the Search of<br>(Name, address or brief description of person, property or premises to be searched)<br>**Dell Inspiron 2200 laptop personal computer, model number PP10S, serial number CN-0U6962-48643-5AC-0128** | APPLICATION AND AFFIDAVIT<br>FOR SEARCH WARRANT<br><br>CASE NUMBER: 3:07mj59-TFM |

I, _____Stephen E. McCraney_____ being duly sworn depose and say:

I am a(n) _Special Agent of the Federal Bureau of Investigation_ and have reason to believe that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

**Dell Inspiron 2200 laptop personal computer, model number PP10S, serial number CN-0U6962-48643-5AC-0128**

in the _____Middle_____ District of _____Alabama_____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

### See affidavit

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense, contraband, and property that has been used as a means of committing a criminal offense**

concerning violations of Title _18 United States Code, Section 2252A._

The facts to support the issuance of a Search Warrant are as follows:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_Stephen E McCraney_
Signature of Affiant

Sworn to before me and subscribed in my presence,

| | |
|---|---|
| June 14, 2007 | at   Montgomery, Alabama |
| Date | City and State |
| Susan Russ Walker, U.S. Magistrate Judge | _[signature]_ |
| Name and Title of Judicial Officer | Signature of Judicial Officer |

# AFFIDAVIT

Your affiant, Stephen E. McCraney, having been duly sworn, does state that the following information is true and correct to the best of his knowledge:

I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed for approximately fifteen months. Prior to employment with the FBI, I was employed as a Police Officer with the City of Jackson, Tennessee from 1998 to 2003. During this employment I served from 2001 to 2003 as a FBI Task Force Officer in an Organized Crime Drug Enforcement Task Force (OCDETF). I was also employed by the Rutherford County Sheriff's Department in Murfreesboro, Rutherford County, Tennessee for approximately ten months from 2003 to 2004 as a Deputy Sheriff. I am currently assigned to the Opelika Resident Agency, located in the Middle District of Alabama. As part of my duties, I investigate child exploitation offenses, including the collection and dissemination of child pornography by use of computer over the Internet.

1. This affidavit is being submitted in support of an application for a warrant to search a Dell Inspiron 2200 laptop, personal computer, model number PP10S, serial number CN-0U6962-48643-5AC-0128, obtained from JOSEPH WARD, 306 Peach Tree Street, Apartment 465, Roanoke, Alabama on June 8, 2007.

2. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as upon information received from other individuals, to include other law enforcement officers involved in this investigation and review of documents, and other physical items obtained during this investigation. Based on the investigation described below, I submit that the facts set forth in this affidavit establish that there is probable cause to believe that in the Middle District of Alabama, on June 8, 2007, JOSEPH WARD, engaged in possession of Child Pornography; and evidence of such crime is located on the hard drive of the computer to be searched.

3. Based on your affiant's knowledge and experience, your affiant knows that it is common for individuals involved in the possession of Child Pornography to maintain files and other digital records used in the course of committing these crimes, on

1

their computer hard drive and other computer storage devices.

4. In May 2002, this case was initiated upon receiving information that JOSEPH WARD had ordered child pornography/erotica pictures, which were electronically sent to Shutterfly.com from partner website Yahoo! to be developed into prints. Due to lack of manpower at the time, this case was not investigated further, until such time as Special Agents were available to be allocated towards pursuing this case.

5. Due to the amount of elapsed time between the opening and continued investigation of this case, Special Agents (SA) believed it necessary to determine if fresh probable cause could be found to continue investigation of this case.

6. On June 8, 2007, your affiant and SA John McEachern conducted an interview at the last known address of JOSEPH WARD, 306 Peach Tree Street, apartment 465, Roanoke, Alabama. WARD opened the door and was interviewed by the affiant and SA McEachern. WARD was informed that he was not under arrest, although the FBI had reason to believe that Child Pornography existed on his personal computer. WARD initially denied owning a computer and then recanted this statement, saying he did have computers, but they were damaged. WARD stated he owned one computer which only he had access to, while a second computer was provided to him by his employer. Although Ward stated he did not own the second computer, he did acknowledge having sole access to it. Ward admitted to being interested in and accessing adult pornographic sites via his computer since approximately 1998. Ward admitted to accessing pornographic sites that advertised all individuals in the photos as being at least eighteen years of age, via both of his current computers, but denied accessing child pornography sites. WARD further explained that he had visited chat rooms hosted by Yahoo!, and would receive adult pornographic images from other chat room members. Some of these he would open and others he would wait to a later date to open, if at all.

7. WARD signed a Consent to Search Computer form and a search of the Dell Inspiron B130 laptop personal computer, model number PP21L, serial number CN-0RJ272-70166-64T-0D50 was conducted using Presearch software. The search located

several images that the affiant believes to be Child Pornography on the hard drive of the computer. WARD voluntarily allowed the affiant to take the computer in order to conduct an offsite analysis of the contents of the hard drive.

**COMPUTER RELATED ISSUES**

The following section of this affidavit is based upon the collective experience gained from previous investigations by the FBI in similar criminal violations, and upon my, and other Special Agents', personal knowledge and experience.

There is reason to believe that computer hardware and computer software were utilized by the subject of this investigation in two respects: as instrumentalities for violating the federal laws, and as devices used to send, collect, and store electronic data and records that are evidence of those crimes.

Based on the evidence summarized earlier in this affidavit, there is reason to believe that JOSEPH WARD used computer(s) to store, maintain, retrieve, transmit and use electronic data in the form of electronic records, documents, and materials, including those used to facilitate communications. This includes logs generated by chat programs, instant mail, file sharing and electronic messages (E-mail) in WARD'S email account. Specifically, there is reason to believe that WARD used a Yahoo! file sharing account to store, maintain, retrieve, transmit and used the following electronic data types:

 (a) computer software (described above) used for criminal purposes;

 (b) logs (transcripts) of chat room and other on-line communications, including open and unopen E-mail messages;

 (c) account information (site names, Internet addresses, account names, screen names, passwords, telephone numbers, etc.); and

 (d) system accounting and auditing logs, which record the operations occurring on that computer (including criminal

3

activities).

The terms "records," "documents," and "materials" as used above include all of the foregoing items of evidence in whatever form and by whatever means such records, documents, or materials, their drafts, or their modifications which may have been created or stored on the computer hard drive.

The terms "records," "documents," and "materials" also include any and all information and/or data, stored in any form, which is used either for periodic or random back-up, whether deliberate or inadvertent, or automatically or manually initiated, of any computer or computer system. This includes any media which is capable of storing magnetic coding.

Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate the above described storage and communications, constitutes evidence of the commission of a criminal offense.

Computer storage devices (such as hard disks, diskettes, tapes, laser disks, flash memory) can store the equivalent of thousands of pages of information. Additionally, a user may seek to conceal criminal evidence by storing it in random order with deceptive file names. Searching authorities are thus required to examine all the stored data to determine which particular files are evidence or instrumentalities of criminal activity. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical to attempt this kind of data search "on-site."

Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications. Thus, it is difficult to know prior to the search which expert possesses sufficient specialized skills to best analyze the system and its data. No matter which system is used, however, data search protocols are exacting scientific procedures, designed to protect the integrity of the evidence and to recover even "hidden," erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely

vulnerable to tampering or destruction (both from external sources or from destructive code imbedded in the system as a "booby trap"), a controlled environment is essential to its complete and accurate analysis.

The search of electronically stored data may entail any or all of several different techniques. Such techniques may include: surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files); "opening" or reading the first few "pages" of such files in order to determine their precise contents; "scanning" storage areas to discover and possibly recover recently deleted data; scanning storage areas for deliberately hidden files; or performing electronic "keyword" searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

## SUMMARY

Based on the facts as stated above, there is probable cause to believe that the items and materials as stated above can be found on WARD'S computer currently in FBI custody, which items and materials, constitute instrumentalities, contraband, fruits of crime, and evidence of violation of Title 18 USC Section 2252A.

Stephen E. McCraney
Special Agent
Federal Bureau of Investigation
Opelika, Alabama

Subscribed and sworn to before me this 14th day of June, 2007.

_____
U.S. Magistrate Judge

5